******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* LAURENTIU
LUGOJANU
(AC 40691)
(AC 40824)

Alvord, Sheldon and Norcott, Js.

*Syllabus*

The defendant, who had been convicted of conspiracy to commit home
invasion following a plea of guilty, appealed to this court from the
trial court's dismissal of his motion to correct an illegal sentence. The
defendant claimed that his sentence of twenty years of incarceration
followed by a five year term of probation effectively constituted a twenty-
five year sentence, which exceeded the twenty year limit for a class B
felony authorized by statute (§ 53a-35a). After the trial court rendered
judgment dismissing the motion in its entirety for lack of subject matter
jurisdiction, the defendant appealed to this court, which consolidated
the appeal from that judgment from the defendant's separate appeal
from certain postjudgment rulings. *Held*:

1. The defendant's claim that the trial court erred in not granting his motion
   to correct because his sentence exceeded the statutory limit for a class
   B felony was unavailing: pursuant to the rule of practice (§ 43-22) con-
   cerning motions to correct, the trial court has limited jurisdiction to
   correct an illegal sentence at any time if the sentence exceeds the
   relevant statutory maximum limits, and although the defendant's claim
   that his sentence exceeded the statutory limit failed on its merits, as
   his sentence did not violate the statute (§ 53a-28 [b] [5]) that specifies
   that a defendant can be sentenced to a term of imprisonment but have
   that sentence suspended while he serves a period of probation, nor did
   it violate the requirement in § 53a-35a that the sentence of imprisonment
   for a class B felony shall be not more than twenty years, or the require-
   ment in the statute pertaining to terms of probation (§ 53a-29 [d]) that
   the period of probation for a class B felony shall not be more than
   five years, the defendant's claim fell within the trial court's limited
   jurisdiction under the rule of practice governing motions to correct;
   accordingly, the trial court should have denied, rather than dismissed,
   the motion to correct as to that claim.

2. The trial court properly dismissed the defendant's motion to correct an
   illegal sentence as to his remaining claims; the defendant's claim that
   there was a disparity between his sentence and the sentences received
   by the other participants in the underlying crime did not fall within the
   limited purview of the rule of practice (§ 43-22) governing motions to
   correct an illegal sentence, and the events underlying the defendant's
   claim that the prosecutor improperly increased the length of his recom-
   mended sentence after the defendant rejected a prior plea offer and
   elected a jury trial occurred during plea negotiations, not at the sentenc-
   ing stage, and did not implicate the court's jurisdiction under § 43-22.

Argued May 24—officially released September 11, 2018

*Procedural History*

Substitute information charging the defendant with
the crime of conspiracy to commit home invasion,
brought to the Superior Court in the judicial district of
New Haven, where the defendant was presented to the
court, *Fasano, J.*, on a plea of guilty; judgment of guilty
in accordance with the plea; thereafter, the court, *Clif-
ford, J.*, dismissed the defendant's motion to correct
an illegal sentence, and the defendant appealed to this
court; subsequently, the court, *Clifford, J.*, denied, inter
alia, the defendant's motion for reconsideration, and
the defendant filed a separate appeal to this court; there-

after, this court consolidated the appeals. *Improper form of judgment; judgment directed.*

*Laurentiu Lugojanu*, self-represented, the appellant (defendant).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, and *Stacey M. Miranda*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Laurentiu Lugojanu, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence under Practice Book § 43-22.[1] The defendant claims that the trial court erred in not granting his motion because (1) his sentence exceeded the statutory limit for a class B felony, (2) there was a disparity between his sentence and the sentences received by the other participants in the underlying crime, and (3) the prosecutor vindictively increased the length of the defendant's recommended sentence under the plea deal offered to him after the defendant invoked his right to a jury trial.[2] The state argues that the trial court properly dismissed the defendant's second and third claims in support of his motion to correct because it lacked subject matter jurisdiction over those claims pursuant to § 43-22. As for the defendant's first claim in support of his motion to correct, by contrast, the state contends that that claim should have been denied on the merits rather than dismissed because, although the claim was unfounded in law or in fact, it fell within the court's limited subject matter jurisdiction under § 43-22. We agree with the state and, thus, reverse the court's judgment of dismissal with respect to the defendant's first claim only and remand this case with direction to render judgment denying that claim on the merits. The court's judgment of dismissal is affirmed in all other respects.

The following facts are relevant to this appeal. On or about May 7, 2009, the defendant and two other individuals were arrested and charged, inter alia, with home invasion in violation of General Statutes § 53a-100aa. Subsequently, the defendant and the others were offered plea deals involving recommended sentences of ten years incarceration in exchange for guilty pleas to conspiracy to commit home invasion in violation of General Statutes §§ 53a-48 and 53a-100aa. Although the other two individuals accepted such plea deals, the defendant rejected the state's offer and exercised his right to proceed to jury trial.

After unsuccessfully prosecuting a motion to suppress identification evidence, the defendant reinitiated plea negotiations with the state. The prosecutor responded by offering the defendant a revised plea deal involving a recommended sentence of twenty years incarceration, execution suspended after twelve years, followed by five years of probation in exchange for his plea of guilty to conspiracy to commit home invasion. On January 31, 2012, the defendant accepted this offer and pleaded guilty under the *Alford* doctrine.[3]

Notwithstanding this agreement, the defendant, at sentencing on April 5, 2012, asked the court to reinstate the original plea deal that he initially had been offered, but which he had rejected, for a recommended sentence

of ten years incarceration in exchange for his guilty plea to conspiracy to commit home invasion. The court responded by noting that the defendant had rejected that offer and had "substantially [gone] through the trial." The court then imposed sentence as agreed to in the second plea deal, which the defendant had accepted. The defendant subsequently filed a motion to correct an illegal sentence under Practice Book § 43-22. The motion was dismissed for lack of subject matter jurisdiction. This appeal followed.

Because the trial court dismissed the defendant's claims for lack of subject matter jurisdiction, we first set forth general legal principles and our standard of review as to jurisdiction. "[T]he jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." (Internal quotation marks omitted.) *State* v. *Tabone*, 279 Conn. 527, 533, 902 A.2d 1058 (2006). Practice Book § 43-22 provides such authority, stating that "[t]he judicial authority may at any time correct an illegal sentence . . . or it may correct a sentence imposed in an illegal manner . . . ." (Internal quotation marks omitted.) *State* v. *Tabone*, supra, 279 Conn. 534. "An illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) Id. "[I]f the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it. . . . [I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Jason B.*, 176 Conn. App. 236, 243, 170 A.3d 139 (2017). "Our determination of whether a motion to correct falls within the scope of Practice Book § 43-22 is a question of law and, thus our review is plenary." *State* v. *Osuch*, 124 Conn. App. 572, 578–79, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

The defendant first claims that his sentence was illegal because it exceeded the statutory limit for a class B felony. Specifically, the defendant claims that a twenty year sentence of imprisonment followed by a five year term of probation effectively constitutes a twenty-five year sentence thus exceeds the twenty year limit for a class B felony authorized by General Statutes § 53a-35a (6). We disagree.

"Absent a statutory prohibition, a term of imprisonment with the execution of such sentence of imprisonment suspended after a period set by the court and a period of probation is an authorized sentence." *State*

v. *Dupree*, 196 Conn. 655, 660–61, 495 A.2d 691, cert. denied, 474 U.S. 951, 106 S. Ct. 318, 88 L. Ed. 2d 301 (1985). The plain language of the statute concerning authorized sentences, General Statutes § 53a-28 (b) (5), specifies that a defendant can be sentenced to a term of imprisonment, but have that sentence suspended while he serves a period of probation.[4] In the present case, the defendant's maximum exposure to imprisonment under such a sentence is twenty, not twenty-five, years. Moreover, § 53a-35a expressly states that "the *sentence of imprisonment* shall be a definite sentence and . . . the term shall be . . . (1) [f]or a class B felony other than manslaughter in the first degree with a firearm . . . a term not less than one year nor more than twenty years . . . ." (Emphasis added.) Furthermore, the statute concerning periods of probation, General Statutes § 53a-29 (d), expressly states that "the *period of probation . . .* (1) [f]or a class B felony, [shall be] not more than five years." (Emphasis added.) The defendant's sentence does not violate any of these provisions. We agree with the state, however, that the defendant's claim that his sentence exceeds the statutory maximum falls within the court's narrow jurisdiction to correct an illegal sentence under Practice Book § 43-22. See *State* v. *Tabone*, supra, 279 Conn. 533–34. An appellate court, however, "can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *State* v. *Osuch*, supra, 124 Conn. 583. The form of the trial court's judgment is improper as the court should have denied on the merits, rather than dismissed, this part of the defendant's motion.

The defendant's remaining claims were properly dismissed for lack of jurisdiction. The defendant asserts that the disparity between his sentence and those of the other individuals involved in the underlying crime brings his claim within the purview of Practice Book § 43-22. As previously noted, jurisdiction under § 43-22 is narrow, applying only to limited claims. See *State* v. *Tabone*, supra, 279 Conn. 534. "Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . . [I]f a defendant's claim falls within one of these four categories the trial court has jurisdiction to modify a sentence after it has commenced. . . . If the claim is not within one of the categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits." (Internal quotation marks omit-

ted.) *State* v. *Robles*, 169 Conn. App. 127, 133, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017); see also *State* v. *Mollo*, 63 Conn. App. 487, 490, 776 A.2d 1176 ("a sentence imposed within statutory limits is generally not subject to review"), cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). The defendant's claim regarding the disparity of sentences does not fall within the narrow scope of the trial court's jurisdiction, and thus the court properly dismissed that claim.

The defendant finally claims that the prosecutor acted vindictively in increasing his plea offer after the defendant exercised his right to a jury trial. The defendant notes that "as a direct result of [his] trial contemplation, the prosecution doubled [his] offer from [ten] years, to [twenty] years with [five] years [of] probation." The court's jurisdiction under Practice Book § 43-22 is not implicated because these events occurred during plea negotiations, not the sentencing stage of his criminal prosecution. See *State* v. *Robles*, supra, 169 Conn. App. 133; see also *State* v. *Francis* 322 Conn. 247, 264, 140 A.3d 927 (2016) ("[i]n light of the limited and straightforward nature of the claims that may be raised in a motion to correct, the potential merits of such a motion frequently will be apparent to the court . . . from a simple review of the sentencing record"). Accordingly, the trial court properly dismissed this claim.

The form of the judgment is improper, the judgment dismissing the motion to correct an illegal sentence is reversed in part only as to the defendant's claim that his sentence exceeded the statutory maximum limit for a class B felony, and the case is remanded with direction to render judgment denying the motion as to that claim; the judgment is affirmed in all other respects.

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] The defendant filed two appeals, which this court ordered consolidated.

[3] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] General Statutes § 53a-28 (b) provides in relevant part: "Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge . . . ."