### STATE OF CONNECTICUT *v.* ADAM H.*
### (AC 17912)

Schaller, Spear and Sullivan, Js.

Argued January 28—officially released August 10, 1999

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Glenn M. Conway*, with whom, on the brief, were *Paul Stuart* and *Paul McCarty*, legal interns, for the appellant (defendant).

*Susan C. Marks*, supervisory assistant state's attorney, with whom on the brief, were *Michael Dearington*, state's attorney, and *David J. Strollo*, assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The sole issue raised in this appeal is whether the trial court had jurisdiction under General Statutes § 53a-39[1] to modify a sentence of nine years imprisonment, execution suspended after three years, when the state did not agree to seek review of the sentence. Specifically, this court must determine whether the portion of the sentence to be executed constitutes a "definite sentence of three years or less," bringing the defendant within the authority of § 53a-39 (a), or whether the full sentence of nine years, consisting of the executed and unexecuted portions, constitutes a "definite sentence," thereby making the

---

[1] General Statutes § 53a-39 provides in relevant part: "(a) At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced.

"(b) At any time during the period of a definite sentence of more than three years, upon agreement by the defendant and the state's attorney to seek review of the sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced. . . ."

permission of the state's attorney a prerequisite to sentence modification pursuant to § 53a-39 (b). The trial court denied the defendant's motion for modification, ruling that the executed portion by itself does not constitute a definite sentence within the meaning of the statute. We affirm the judgment of the trial court.

The relevant facts and procedural history are as follows. On March 21, 1996, the defendant was adjudicated a youthful offender as defined by General Statutes (Rev. to 1995) § 54-76b[2] and pleaded guilty to a charge of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1).[3] On July 12, 1996, the trial court sentenced the defendant to nine years imprisonment, execution suspended after three years, with five years of probation. On June 17, 1997, the defendant filed a motion for modification of his sentence pursuant to § 53a-39. The state's attorney did not agree to seek review of the defendant's sentence. Because the trial court determined that under § 53a-39 the defendant's sentence was a "definite sentence of more than three years," it concluded that without the agreement of the state's attorney it lacked jurisdiction to modify the sentence and denied the motion. This appeal followed.

The defendant claims that the definite sentence referred to in § 53a-39 is comprised solely of the executed portion of his sentence. Specifically, the defendant argues that (1) case law supports his claim, (2)

---

[2] General Statutes (Rev. to 1995) § 54-76b provides in relevant part: " '[Y]outhful offender' means a youth who is charged with the commission of a crime which is not a violation of section 53a-70a or a class A felony, who has not previously been convicted of a felony or been previously adjudged a youthful offender, or been afforded a pretrial program for accelerated rehabilitation under section 54-56e, and who is adjudged a youthful offender pursuant to the provisions of said sections. . . ."

[3] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such other person or a third person . . . ."

the plain language of General Statutes §§ 53a-35a[4] and 54-125a[5] establishes that a definite sentence is limited to the three year portion of his sentence, (3) the purpose and legislative history of § 53a-39 also compel the result he urges and (4) if we find, after exhausting all sources relevant to the determination of the legislature's intent with respect to the meaning of definite sentence as used in § 53a-39, that there remains an ambiguity, we should invoke the rule of lenity and decide in his favor. See, e.g., *State* v. *Ledbetter*, 240 Conn. 317, 331 n.12, 692 A.2d 713 (1997).

The state argues that a definite sentence is the entire term to which the defendant was sentenced and not merely the executed portion thereof. The state relies on the plain language and legislative history of § 53a-39 in conjunction with the plain language of General Statutes § 53a-35a[6] and General Statutes (Rev. to 1995) § 53a-28[7] to support its claim.

[4] General Statutes § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court . . . ."

[5] General Statutes § 54-125a (a) provides in relevant part: "A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the most recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Parole for the institution in which the person is confined . . . ."

[6] See footnote 4 of this opinion.

[7] General Statutes (Rev. to 1995) § 53a-28 (b) provides: "Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences: (1) A term of imprisonment; or (2) a sentence authorized by section 18-65a or 18-73; or (3) a fine; or (4) a term of imprisonment and a fine; or (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge; or (6) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a fine and a period of probation or a period of conditional discharge; or (7) a fine and a sentence authorized by section 18-65a or 18-73; or (8) a sentence of unconditional discharge."

The defendant argues that *State* v. *Cavallo*, 200 Conn. 664, 513 A.2d 646 (1986), supports his claim. In that case, the defendant argued for the first time on appeal that his sentence of five years imprisonment suspended after eighteen months was excessive. Our Supreme Court declined to consider the defendant's claim for lack of preservation. Because, in so doing, the court cited § 53a-39 as a possible vehicle for preservation, the defendant in the present case argues that that court concluded that a motion to review a five year sentence suspended after eighteen months fell within the authority of § 53a-39 and that we should determine that his sentence similarly qualifies. We are not persuaded. First, we note that the court referred to § 53a-39 in dictum, as the issue there was the defendant's lack of preservation. Also, subsequent to its reference to § 53a-39, the court cited General Statutes § 51-195[8] as a possible means of preservation; id., 675 n.11; which demonstrates that it did not say definitively which was the appropriate vehicle for the modification of the defendant's sentence.

The defendant next argues that *State* v. *Tuszynski*, 23 Conn. App. 201, 579 A.2d 1100 (1990), supports his position. His reliance on that case, however, is misplaced. The defendant in *Tuszynski* was sentenced to a total effective sentence of five years, suspended after

---

[8] General Statutes § 51-195 provides in relevant part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . ."

forty-two months with two years of probation. We clearly stated that sentence modification under § 53a-39 was not appropriate for such a sentence. Id., 205. Having determined that the cases relied on by the defendant have not resolved the issue raised in this appeal, we turn to our interpretation of the statutory language.

Statutory interpretation is a question of law; *North Haven* v. *Planning & Zoning Commission*, 220 Conn. 556, 561, 600 A.2d 1004 (1991); and, therefore, our review is plenary. . When interpreting statutes, we rely on well established principles of statutory construction. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Castagno* v. *Wholean*, 239 Conn. 336, 339, 684 A.2d 1181 (1996). We conclude that, on its face, the phrase at issue here is equally capable of either of the interpretations advocated by the parties in this case and is, therefore, ambiguous. Accordingly, we look to legislative history as we proceed to construe the statute.[9]

Upon examination of the legislative history and circumstances surrounding the enactment of § 53a-39, as well as its relationship to existing legislation governing the same general subject matter, we hold that the legislature intended a definite sentence to include both the executed and suspended portions of a sentence. The defendant, therefore, cannot use § 53a-39 to petition for sentence reduction without the permission of the state's attorney.

---

[9] We note that while the phrase "definite sentence" appears in several statutes, it is not defined in any of them. See, e.g., General Statutes §§ 18-100c, 53a-28, 53a-35, 53a-35a, 53a-35b, 53a-36 and 53a-38.

Prior to 1981, defendants were subjected to an "indeterminate" sentencing scheme. See General Statutes § 53a-35. "The indeterminate sentencing scheme used . . . allowed the court to set both the minimum and maximum portion of the sentence . . . parole eligibility [was] established at the minimum less any good time used to reduce that minimum term. . . . The minimum and maximum portions of the sentence [were] a fixed number of years except for a class A felony where the maximum [was] life imprisonment, unless for a capital felony where a sentence of death [could] be imposed." (Citations omitted.) *Williams* v. *Bronson,* 24 Conn. App. 612, 618, 590 A.2d 984, cert. denied, 219 Conn. 913, 593 A.2d 138 (1991). This scheme was subsequently abolished and replaced by the current scheme of definite sentencing applicable to crimes committed on or after July 1, 1981. See General Statutes § 53a-35a. Under this system, sentencing courts "impose a flat or exact term of years of imprisonment without a minimum or maximum; that term could be reduced by various statutory credits." *Williams* v. *Bronson,* supra, 618. The legislature's purpose, therefore, in using the label definite sentence is to differentiate the type of sentence it denotes from the historical, indeterminate sentence, and not to indicate any "definite" amount of time that a defendant will be incarcerated. Furthermore, because of the availability of statutory credits as well as the operation of probation, the precise time that a defendant will serve in prison cannot be predicted with exact certainty. Accordingly, the most logical interpretation of definite sentence is the flat maximum to which a defendant is sentenced, in this case, nine years.

Finally, we note that pursuant to No. 87-538 of the 1987 Public Acts, § 53a-39 formerly provided in relevant part: "*If a definite sentence includes suspension of incarceration* after a period of at least two years but not more than five years, followed by a period of probation

. . . ." (Emphasis added.) General Statutes (Rev. to 1989) § 53a-39. Although that language was subsequently eliminated from the statute,[10] we conclude that the language reinforces our interpretation that the legislature intended a definite sentence to include both the executed and suspended portions of a sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] Number 90-261, § 7, of the 1990 Public Acts eliminated the quoted language from § 53a-39; it was used in conjunction with intensive probation, which was then among the choices the sentencing court could turn to when modifying a sentence. That alternative is no longer available under § 53a-39.