STATE OF CONNECTICUT *v.* WAYNE BOYD
(SC 17192)

Sullivan, C. J., and Borden, Norcott, Vertefeuille and Zarella, Js.

Argued September 10—officially released December 21, 2004

*Kent Drager*, senior assistant public defender, for the appellant (defendant).

*Julia K. Conlin*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Kevin Doyle*, assistant state's attorney, for the appellee (state).

*Opinion*

VERTEFEUILLE, J. The dispositive issue in this appeal is whether the trial court properly determined that it lacked jurisdiction under General Statutes § 53a-39[1] to consider the motion filed by the defendant, Wayne Boyd, for modification of his sentence. Section 53a-39 (a) permits the trial court to modify a "definite sentence of three years or less" without the agreement of the state's attorney. The trial court in the present case determined that it lacked jurisdiction to modify the defendant's sentence of two years and one day of incarceration followed by two years of special parole because it constituted a "definite sentence" of more than three years, which, pursuant to § 53a-39 (b), could

---

[1] General Statutes § 53a-39 provides in relevant part: "(a) At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced.

"(b) At any time during the period of a definite sentence of more than three years, upon agreement of the defendant and the state's attorney to seek review of the sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced. . . ."

be modified only by agreement of the state's attorney.[2] The defendant claims that the trial court had jurisdiction to modify his sentence, because the two years of special parole should not be considered part of the definite sentence for the purposes of § 53a-39. We agree with the defendant, and, accordingly, we reverse the judgment of the trial court.

The following facts and procedural history guide our resolution of this appeal. In October, 2002, the defendant, who was then on probation as a result of a previous conviction, admitted to being in violation of his probation. As a result, on January 17, 2003, the trial court rendered judgment sentencing the defendant to two years and one day of incarceration, followed by two years of special parole. Several months later, the defendant filed a motion for sentence modification, which the trial court denied. In a subsequent hearing to articulate its reasoning, the trial court explained that it had denied the defendant's motion because the court lacked jurisdiction to modify a definite sentence in excess of three years. See footnote 2 of this opinion and accompanying text. The court further clarified that it based its denial of the motion on its determination that the defendant's sentence of incarceration of two years and one day followed by two years of special parole constituted a sentence of four years and one day for purposes of § 53a-39, and that the sentence therefore exceeded the three year maximum definite sentence that the court is allowed to modify pursuant to § 53a-39 (a). The defendant appealed from the trial court's judgment denying the defendant's motion for sentence modification to the Appellate Court and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

---

[2] Subsection (b) of § 53a-39 is not at issue in the present case, because it is undisputed that the state's attorney did not agree to the review of the defendant's sentence.

In this appeal, the defendant claims that the trial court improperly concluded that it lacked jurisdiction to modify the defendant's sentence under § 53a-39. The defendant makes two arguments to support his contention. First, the defendant contends that the phrase "definite sentence" as used in § 53a-39 (a) should be given the same meaning as the same phrase in General Statutes § 54-125 (e),[3] which governs special parole and refers to a definite sentence "followed by" special parole. Second, the defendant contends that although the Appellate Court has decided that a definite sentence for purposes of § 53a-39 includes both the executed and suspended portions of a split sentence; see *State* v. *Adam H.*, 54 Conn. App. 387, 392, 735 A.2d 839, cert. denied, 251 Conn. 905, 738 A.2d 1091 (1999); this court should distinguish special parole from the suspended portion of a prison sentence.

The state responds by arguing that the plain language of the phrase "definite sentence" as used in § 53a-39 (a) refers to any sentence of a predetermined length, regardless of whether the sentence consists solely of incarceration or includes a period of special parole. The state further argues that a definite sentence is not limited to a period of incarceration, relying on the Appellate Court's holding in *Adam H.* that a definite sentence includes the suspended portion of a sentence of incarceration. See id. We agree with the defendant and conclude that the term "definite sentence" in § 53a-39 does not include a period of special parole, and,

---

[3] General Statutes § 54-125e (a) provides: "Any person convicted of a crime committed on or after October 1, 1998, who received a definite sentence of more than two years followed by a period of special parole shall, at the expiration of the maximum term or terms of imprisonment imposed by the court, be transferred from the custody of the Commissioner of Correction to the jurisdiction of the chairman of the Board of Parole or, if such person has previously been released on parole pursuant to subsection (a) of section 54-125a or section 54-131a, remain under the jurisdiction of said chairman until the expiration of the period of special parole imposed by the court."

accordingly, the trial court had jurisdiction to modify the defendant's sentence under § 53a-39 (a).

We begin by setting forth the appropriate standard of review. The defendant's claim raises a question of statutory interpretation, over which our review is plenary. See, e.g., *Waterbury* v. *Washington*, 260 Conn. 506, 546–47, 800 A.2d 1102 (2002). Relevant legislation and precedent guide the process of statutory interpretation. Number 03-154, § 1, of the 2003 Public Acts provides that, "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." In the present case, the state contends that the phrase "definite sentence" as used in § 53a-39 (a) is clear and unambiguous. The defendant, however, claims that the phrase "definite sentence" by itself is not clear and unambiguous. We agree with the defendant, and, like the Appellate Court, we conclude that, "on its face, the phrase [definite sentence] is equally capable of either of the interpretations advocated by the parties . . . and is, therefore, ambiguous." *State* v. *Adam H.*, supra, 54 Conn. App. 392. We therefore are not limited to the text of § 53a-39 (a) in determining its meaning. When the meaning of the statute is not plain and unambiguous, "we [also] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter for [interpretative guidance]." (Internal quotation marks omitted.) *State* v. *Lutters*, 270 Conn. 198, 205–206, 853 A.2d 434 (2004).

Our analysis starts with the relevant text of § 53a-39. Subsection (a) of § 53a-39 specifies that "[a]t any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced." Subsection (b) of § 53a-39 provides that "[a]t any time during the period of a definite sentence of more than three years, upon agreement of the defendant and the state's attorney to seek review of the sentence, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced." The critical difference between subsections (a) and (b) of § 53a-39 is that under subsection (a), the sentencing court may review the sentence of a defendant sentenced to three years or less upon a showing by the defendant of good cause, whereas if the defendant is sentenced to more than three years, under subsection (b), the state's attorney must agree to the modification of the sentence.[4]

Section 53a-39 does not provide a definition for the phrase "definite sentence." A related statute, § 54-125e (a), however, uses the term "definite sentence" in a manner that makes clear that a definite sentence refers to the period of incarceration that *precedes* special parole. Section 54-125e (a) refers to "a definite sentence of more than two years *followed by* a period of special

---

[4] If a defendant is sentenced to more than three years and the state's attorney does not agree to a proposed modification, the defendant may seek review by the sentence review division of the Superior Court. See General Statutes § 51-195.

parole . . . ." (Emphasis added.) The defendant argues that the use of the phrase "followed by" demonstrates that the legislature did not intend for a definite sentence to include the period of special parole.

The legislature created the concept of "special parole" as a new sentencing option in 1998 by enacting § 54-125e. See Public Acts 1998, No. 98-234, § 3. The change to the state sentencing guidelines that requires definite instead of indeterminate sentences had occurred approximately seventeen years before the adoption of § 54-125e. See General Statutes § 53a-35a. At the time of the enactment of § 54-125e, the applicability of § 53a-39 (a) to definite sentences of three years or less had been in place for many years. See Public Acts 1982, No. 82-428, § 1 (specifying applicability of sentence reduction to definite sentences of three years or less). Thus, when § 54-125e was adopted, the concept of a definite sentence was well established in the legislature. The text of § 54-125e (a) demonstrates that the legislature clearly intended for the period of special parole to be distinct from the definite prison sentence, not included in it. The statute applies to any defendant who receives "a definite sentence of more than two years *followed by* a period of special parole . . . ." (Emphasis added.) General Statutes § 54-125e (a).

This court has concluded that "statutes must be construed consistently with other relevant statutes because the legislature is presumed to have created a coherent body of law." *Petco Insulation Co.* v. *Crystal,* 231 Conn. 315, 323–24, 649 A.2d 790 (1994); see also *Cagiva North America, Inc.* v. *Schenk,* 239 Conn. 1, 12, 680 A.2d 964 (1996) ("[w]hen construing a statute, we may look for guidance to other statutes relating to the same general subject matter, as the legislature is presumed to have created a consistent body of law"). Specifically, this court presumes "that where the legislature uses the same phrase it intends the same meaning." *Link* v.

*Shelton,* 186 Conn. 623, 627, 443 A.2d 902 (1982); see also *Munroe* v. *Great American Ins. Co.,* 234 Conn. 182, 191, 661 A.2d 581 (1995) (concluding that "the term 'cancellation' retains the same meaning throughout the automobile insurance statutes").[5] We see no reason in the legislative history of either § 53a-39 (a) or § 54-125e to set aside this presumption in the present case.[6] Thus, we conclude that the term "definite sentence" is intended to have the same meaning in both §§ 53a-39 (a) and 54-125e, and it excludes the period of special parole.

Moreover, this court will not interpret statutes in such a way that would reach a "bizarre or absurd result." *Vibert* v. *Board of Education,* 260 Conn. 167, 177, 793 A.2d 1076 (2002). Section 54-125e (a) applies only to defendants who have received "a definite sentence of more than two years followed by a period of special parole . . . ." We infer that the trial court in the present case sentenced the defendant to two years *and one day* of incarceration for his probation violation so that he would be eligible to receive special parole. Including the two years of special parole in the definite sentence

[5] We have also concluded that where a statute does not define a term, "it is appropriate to look to the common understanding of the term as expressed in a dictionary." (Internal quotation marks omitted.) *State* v. *Love,* 246 Conn. 402, 408, 717 A.2d 670 (1998). In the present case, however, neither Webster's Third New International Dictionary nor Black's Law Dictionary (7th Ed. 1999) is instructive on whether the term "definite sentence" includes a period of special parole following incarceration.

[6] The discussion surrounding the establishment of special parole in § 54-125e indicates that it was intended to operate as a sentencing option in cases where the judge wanted additional supervision of a defendant *after* the completion of his prison sentence. Michael Mullen, the chairman of the Connecticut board of parole testified before the judiciary committee and described special parole as a "sentencing option which ensures intense supervision of convicted felons *after* they're released to the community and allows the imposition of parole stipulations on the *released* inmate to ensure their successful incremental re-entry into society or if they violate their stipulations, speedy re-incarceration before they commit another crime." (Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 1998 Sess., p. 1013.

would render the extra day of incarceration unnecessary, because the whole sentence, including incarceration and special parole, would then total four years. Thus, to interpret the term "definite sentence" to include the period of special parole would create an absurd result.

The state urges this court to analyze this case in a manner consistent with *State* v. *Adam H.*, supra, 54 Conn. App. 387. In *Adam H.*, the Appellate Court concluded that a nine year sentence suspended after three years constituted a definite sentence greater than three years for the purposes of § 53a-39 (a). Id., 392–94. The Appellate Court reasoned that the legislature intended a definite sentence to include both the executed and suspended portions of the sentence of incarceration. Id., 392.

We find the state's reliance on *Adam H.*, is misplaced, however, because the present case is not analogous to the situation in *Adam H.* The partially suspended prison sentence at issue in *Adam H.* is not equivalent to a fully served prison sentence followed by a period of special parole. The sentence imposed in *Adam H.* was nine years imprisonment, but a portion of it was ordered suspended. The sentence imposed in the present case was two years and one day imprisonment, without any suspension. Thus, we agree with the defendant's claim that the sentence in the present case is not analogous to the sentence in *Adam H.* and the outcome in *Adam H.* is not determinative of the outcome in the present appeal. Accordingly, we conclude that the term "definite sentence" in § 53a-39 (a) does not include the period of special parole and that the defendant's sentence is therefore reviewable under that statute.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.